## STATE V. FREDERICK.

1. SABBATH BREAKING: *Keeping open barber shop.*
   The keeping open of a barber shop on the Sabbath, without performing any labor therein, is no violation of the law against Sabbath-breaking.

2. SAME: *Indictment for working as a barber.*
   An indictment for Sabbath-breaking, charging the defendant with performing the usual services of a barber, of shaving, hair-cutting, hair-dressing and shampooing, on Sunday, need not allege that these were not acts of customary household duty, or of necessity or charity. The court will take judicial notice that they are not.

APPEAL from *Nevada* Circuit Court.

Hon. L. A. BYRNE, Circuit Judge.

*Dan W. Jones*, Attorney General, for State.

The indictment charges one offense and the demurrer should have been overruled. *Mansf. Dig., Sec. 1883.*

*Sec. 1887* does not make it an offense to keep open a barber shop, and the allegation in that respect was merely descriptive of the manner of laboring.

SMITH, J. The indictment was in these words:

"The grand jurors of the State of Arkansas, duly impaneled, sworn, and charged to inquire, in and for the county of Nevada, in the State of Arkansas, upon their oaths present that Adam Frederick, late of said county, on the 3d of May, in the year of our Lord one thousand eight hundred and eighty-five, with force and arms, in the county aforesaid, said day being Sunday and the Christian Sabbath, did then and there unlawfully keep open a barber shop, and labor therein by per-

forming the usual services of a barber, of shaving, hair-cutting, hair-dressing and shampooing, contrary to the form of the statute, and against the peace and dignity of the State of Arkansas."

A demurrer was sustained to this indictment, the following grounds being specified:

"1st.   Because said indictment is uncertain, multifarious and insufficient, in that in one count thereof two separate and distinct offenses are charged, viz: (1).   Unlawfully keeping open a barber shop, and (2) unlawfully laboring on the Christian Sabbath, commonly called Sunday.

"2d.   Because the said indictment, as to the charge of unlawfully laboring on Sunday, is wholly insufficient and uncertain, and does not state facts sufficient to constitute any offense, in that the labor alleged to have been performed by defendant on Sunday, is not averred to have been other than customary household duties, or labor of necessity and charity.

"3d.   Because the said indictment, as to the charge of unlawfully keeping open a barber shop, does not state facts sufficient to describe any offense known to the laws of the State of Arkansas."

1. Keeping open barber shop.   The mere keeping open of a barber shop on Sunday, without performing any labor therein, is not a violation of the laws against Sabbath-breaking.   *Sec. 1887 of Mansfield's Digest*, and the *Amendatory Act of March 2, 1885*, are confined to the keeping open of stores and dram shops.   Therefore the indictment charges but a single offense—laboring on the Sabbath—and the allegation that the defendant kept his shop open, is matter of inducement and descriptive of the manner of laboring.

2. Indictment.   The indictment needed not to allege that it was not a work of necessity or charity.   The courts will take judicial notice that the shaving of his customers by a barber is a worldly labor, or work done by him in the course of his ordinary calling,

and not within the exceptions of the statute. *Phillips v. Innes, 4 Clark & Finnelly, H. L., 233.*

Judgment reversed and cause remanded, with directions to overrule the demurrer and require the defendant to plead.