## 522.　McCAIN v. THE STATE.

1. A barber who pursues the work of his ordinary calling on the Lord's day, by shaving the members of a club at a room in the club-house, and receives compensation therefor, violates the Penal Code, §422.
2. The criminal character of such act is not affected by the fact that the compensation for said work is not compulsory, but voluntary; nor by the fact that the work is confined to members of the club.
3. The courts will judicially recognize that shaving by a barber is not a work of necessity permitted by the statute to be done on the Sabbath day.
4. The verdict having been demanded by the undisputed evidence, the errors of law complained of were immaterial and harmless.

Accusation of violating Sabbath, from city court of Floyd county—Judge Hamilton.　May 8, 1907.

Argued July 19,—Decided July 25, 1907.

*W. J. Nunnally, Denny & Harris,* for plaintiff in error.

*W. H. Ennis, solicitor-general, Seaborn & Barry Wright,* contra.

HILL, C. J.　The plaintiff in error was convicted of a violation of the Penal Code, §422. The judgment overruling his motion for a new trial is brought to this court for review. The undisputed evidence, substantially stated, is as follows: He was a barber pursuing his business and work of his ordinary calling during the week in a shop in the city of Rome. On Sundays he went to the house occupied by the "Elks Club," and in a room set apart for the purpose he shaved members of the club, receiving therefor whatever the members saw fit to give him. No other persons except members were shaved, and no compulsory charge was made, but the amount paid by the members was twenty-five cents a shave. It was also shown that some of these members, on account of being engaged all day Saturday, could not conveniently get a shave on said day, and, in order to present a decent appearance in attendance at church, they thought it necessary to get a shave on Sundays. It is insisted by the plaintiff in error that under this evidence there was no violation of section 422: (1) Because there was no consideration demanded for the work. (2) Because the shaving of the members of the club, under the evidence, was a work of necessity. (3) Because the plaintiff in error was not engaged in the work of his usual and ordinary calling at his usual place of business, but the shaving in question was occasional and performed at a private house and confined to the members of the club, who were

not able, for reasons stated, to get a shave on Saturday. Error is also assigned to the ruling admitting as evidence a former indictment for the same offense against the plaintiff in error, and the plea of guilty thereon. And also, that the court erred in not instructing the jury that the burden was on the State to show that the act charged was not a work of necessity or charity.

1. Since colonial days it has been the policy of the State of Georgia to prohibit all persons from using the Sabbath as a day of labor, or from pursuing their ordinary calling on said day. By an act of the colonial legislature, March 4, 1762, it was provided: "No tradesman, artificer, workman, laborer, or other person whatsoever shall do or exercise any worldly labor, business, or work of their ordinary callings on the Lord's day or any part thereof (works of necessity or charity only excepted)." Cobb's Dig. 853, sec 2. This colonial act is in the exact language of the statute of 29 Charles II, c. 7. Section 422 of the Penal Code is a substantial codification of this act. The terms of the statute are very broad. They not only forbid the pursuit of secular business, but forbid any work of ordinary calling on the Lord's day, except works of necessity or charity. It makes no sort of difference that the secular business is not carried on on Sunday at the usual place of business. If the work is that of his ordinary calling, and is occasionally performed by the defendant at a different place, he violates the statute. The law not only closes the business places of secular employment during the Sabbath, but stops, on said day, work of ordinary calling, whatever that work may be or wherever that work may be done. The purpose of the law is to require cessation from labor, and to set apart one day as a day of rest as essential to the physical and moral well being, not only of the individual, but of society. It can not be doubted that the plaintiff in error, in shaving his customers at the rooms of the club, did pursue the work of his ordinary calling. It was simply a change of . ..ion, but the work was the same as pursued on week days at his place of business. Neither can it be doubted that this work was done by him because of the compensation paid by the members. The fact that the work in question was confined to the members of the club, and was performed in the club-house, may reduce the flagrancy of the offense, but can not alter the express terms of the law. The work on Sundays was possibly not so active and constant as the

defendant's work on week days; still, shaving was the work of his ordinary calling. "Those things that are repeated daily or weekly in the course of trade or business are parts of the ordinary calling of the man exercising such trade or business." *Reid* v. *State,* 119 *Ga.* 563, 46 S. E. 837.

The contention of the plaintiff in error, that the work of shaving the members of the club was a work of necessity, because such members, by reason of their occupation on Saturdays, could not get a shave, and cleanliness demanded a daily shave, can not be reasonably upheld. While shaving may be regarded as an act of personal cleanliness, desirable to be performed upon the first day as well as upon other days of the week, still this fact does not make shaving necessary or the work of the barber one of necessity. The statute makes no exception in favor of a man who can not shave himself, or who can not conveniently procure some one to shave him on a week day. Many States have statutes expressly prohibiting the opening of barber-shops on Sundays, and expressly declaring that shaving is not an act of necessity. But it needs no decision of the courts or the declaration of the statute to convince men of ordinary intelligence and experience that shaving is not a work of necessity within the meaning of that term as constituting the exception in the statute now under consideration.

2.    We think the court committed an error in permitting the introduction of an indictment against the defendant, and his plea of guilty thereon, for a similar offense; and if there were any doubt, under the uncontroverted evidence in this case, of the defendant's guilt, such error would be reversible; but in view of the facts of this case, this error was immaterial and harmless.

3.    It is a general rule that the State must affirmatively show that the act of the accused on which a criminal charge is based does not fall within an exception made by the statute. In this case, however, the business or work of the plaintiff in error was proved. The character of such work is peculiarly within the experience and knowledge of all men, and the jury knew as well as any witness could tell them whether this work was a work of necessity or charity. The court in the charge left it to the jury to say whether the work in question was one of necessity or not, and we think the jury could determine this fact without the opinion of any witness. Indeed it has been held, and we think correctly so,

that the court will take judicial notice that the shaving of his customers by a barber is a worldly labor or work done by him in the course of his ordinary calling, and is not within the exceptions of the statute. State v. Frederick, 45 Ark. 347, 55 Am. R. 555.

We are clear that under the undisputed facts of this case the plaintiff in error was guilty of violating the Penal Code, § 422, and that the evidence demanded the verdict against him. His offense was not a very flagrant violation of the law, but it was a violation. "Opinions may differ, and they really do differ, as to whether abstaining from labor on Sunday is a religious duty; but whether it is or not, it is certain that the legislature of Georgia has prescribed it as a civil duty," and makes a violation of this duty a criminal offense. Hennington v. State, 99 Ga. 399. Judgment affirmed.