## Commonwealth v. London, et al.

(Decided September 19, 1912.)

### Appeal from Boyle Circuit Court.

Sunday—Observance of—Keeping Open Restaurant on Sunday—Construction of Statute.—It is not a violation of section 1321 Ky. Stats., for the keeper of a restaurant to keep his place of business open on Sunday for the sale of bread, sandwiches, coffee and similar articles. The traveling public, of necessity, must obtain something to eat on Sunday, and the keeper of a restaurant may keep open his place of business so as to furnish needed articles to the public.

GEORGE D. FLORENCE, EMMETT PUYEAR, JAMES GARNETT, Attorney General and D. O. MYATT, Assistant Attorney General for appellant.

C. C. FOX, HAZELRIGG & HAZELRIGG for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

A penal action was instituted against appellees under section 1321 of the Kentucky Statutes, which is as follows:

"No work or business shall be done on the Sabbath day, except the ordinary household offices, or other work of necessity or charity, or work required in the maintenance or operation of a ferry, skiff or steamboat, or steam or street railroads. If any person on the Sabbath day shall himself be found at his own, or at any other trade or calling, or shall employ his apprentices, or other person, in labor or other business, whether the same be for profit or amusement, unless such as is permitted above, he shall be fined not less than two nor more than fifty dollars for each offense. Every person or apprentice so employed shall be deemed a separate offense. Persons who are members of a religious society, who observe as a Sabbath any other day in the week than Sunday, shall not be liable to the penalty prescribed in this section, if they observe as a Sabbath one day in each seven, as herein provided."

There were several paragraphs contained in the petition, each alleging a violation of the statute on different days, but, upon motion, the court required appellant to elect under which paragraph it would prosecute. Appellant does not complain of the lower court's action

in this regard, therefore we will not consider it; but it does complain of the lower court's action in sustaining a general demurrer to the paragraph which it elected to prosecute, and which is as follows:

"The plaintiff, Commonwealth of Kentucky, for cause of penal action against the defendants, Nick London and John Notaras, states that they are engaged in conducting a general confectionery business in Danville, Kentucky, and in the sale of candy, some fruits, chocolate, ice creams, pies, bread and butter sandwiches, coffee and soda water, and they were so engaged at the time and times of the violations of the law hereinafter complained of, and had employed and engaged in said work and business three persons, their servants and employees, whose names are unknown to plaintiff, and said work and business is the trade and calling of the said defendants, and they have their place of business, which is named and known as 'Palace of Sweets,' located on Main Street, at the corner of Fourth Street, in Danville, Boyle County, Kentucky.

"Plaintiff avers that on the —— day of March, 1911, the same being the Sabbath day, the defendants and said three persons, their servants and employees, were found at their said trade and calling and place of business, and said defendants on said day employed said persons, whose names are unknown to plaintiff, in labor and business and themselves engaged therein, and the said place of business of the defendants was on said day open and their business conducted as on other days of the week, except that said defendants did not sell candy, fruits and soda water.

"Plaintiff avers that the said work and the opening and running of defendants' business in the manner set forth was not and is not a work of necessity, or charity, or household offices, or required in the maintenance or operation of a ferry, skiff or steamboat or steam or street railroad, and that defendants and neither of them observed as a Sabbath any other day in the week than Sunday; and plaintiff says that said acts are in violation of the Statutes of this Commonwealth, and that it is entitled to recover of the defendants fifty dollars ($50.00), and fifty dollars ($50.00) for each servant so employed and worked on said day, making a total of fines under said statute of two hundred dollars ($200.00)."

The only question before us is whether it was a violation of the statute for appellees to keep their place of business open on the Sabbath day, and dispose of bread, butter, sandwiches, chocolate and coffee. It is stated in the petition that appellees also sold candy, fruits, pies and soda water, but it is further stated that they did not dispose of these things on the Sabbath day, therefore, we do not decide whether the selling of these articles or either of them, on the Sabbath day would be a violation of the statute above quoted.

There are two briefs in this case for appellant. In one it is asked that the judgment be reversed, with directions to the lower court to allow a jury in the county of Boyle say whether or not there existed a necessity for the sale on the Sabbath day, of the things it is alleged appellees sold. In the other brief it is stated—

"The question of what is a work of necessity as determined by a jury will result in uncertainties and acquittals or convictions in cases according to the moral conceptions of each particular set of jurors."

And we are asked to hold on the facts stated that appellees, as a matter of law, are guilty of a violation of the statute. The construction of a statute is a matter for the courts—a matter of law. The construction of this statute depends upon the meaning given to the vital word, "necessity," as used in the statute. The petition having set out specifically what appellees did on the Sabbath day in question, it was for the court, on demurrer, to say whether or not those things were denounced by the statute, construing it according to the common sense of the country. In the case of L. & N. R. R. Co. v. Commonwealth, 92 Ky., 114, the railroad company was charged with doing certain work on the Sabbath day, and this court used the following language:

"The acts complained of are specifically set forth, and it is alleged that they were not acts of necessity or charity. If it appeared from the acts set forth as having been done on the Sabbath, that they were a work of 'necessity or charity,' the petition would be demurrable, notwithstanding the allegation that they were not a 'work of necessity or charity.' This would not be for the reason that the allegation, 'not a work of necessity or charity,' was but a conclusion of the pleader, but for the reason that, as it appeared from the acts set forth, that it was a work of necessity or charity, and the alle-

gation that it was not, although an allegation of fact, was inconsistent with such allegation, hence it was neutralized.''

See, also, the case of L. & N. R. R. Co. v. Commonwealth, 17 Ky. L. R., 223; 30 S. W., 878. We are of the opinion that if the acts charged in the petition were works of necessity, there was no violation of the statute referred to, and the lower court properly determined that on demurrer. In the case of Allen v. Duffie, 43 Mich., 1; 38 Am. R., 159, the court said:

''It is a question of law, purely, and cannot be left to depend upon the opinions of jurors as to what is a work of charity or necessity and what is not. If it could, there would be and could be no settled rule, whatever, for jurors will never agree upon it. The question is purely one of statutory construction, and when we find what the statute intends, that intent must be the law for all cases.''

The only question left for determination is: Did the lower court properly conclude that appellees had a right to keep their place of business open and sell bread, butter, sandwiches, chocolate and coffee? In disposing of these articles, appellees were doing the business of a restaurant keeper; they are charged in the petition, however, of keeping a confectionery, but the petition also specifically names the articles which they sold and which we think, for all intents and purposes, would class them as restaurant keepers. The public, especially the traveling public, of necessity, has to obtain something to eat on the Sabbath, and appellees had as much right to keep their house open and furnish the articles named to the public as did any hotel or other place in Danville. In the case of Strattman v. Commonwealth, 137 Ky., 500, this court said:

''There is much to be said in favor of the position of those who hold that it is as necessary that the barber shop should remain open a reasonable time on Sunday, for the accommodation of those absolutely in need of the barber service, as it is that the livery stable, the drug store, the news stand, or the restaurant should be kept open for the accommodation and convenience of the public.''

In view of the language of the statute and the authorities, we are of the opinion the lower court properly

construed the statute and sustained the demurrer to the petition.

Judgment affirmed.