## Gray v. Commonwealth.

(Decided September 29, 1916.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Sunday—What Not Work of Necessity.—A work of necessity, within the exception of section 1321, Kentucky Statutes, is not an absolute, unavoidable, physical necessity, but rather an economic and moral necessity. "The law regards that as necessary which the common sense of the country, in its ordinary modes of doing its business, regards as necessary," or any labor, business or work which is morally fit and proper to be done on the Sabbath, under the circumstances of the particular case, but a work which is merely convenient is not a work of necessity within the meaning of the exception in the statute.

2. Sunday—Work That May Become Necessity.—A work which is not ordinarily a work of necessity may, under the stress of circumstances and the exigencies of an occasion, become a work of necessity.

3. Sunday—Barbering on Sunday—Section 1321, Kentucky Statutes. —The barbering of a particular individual, by a barber, upon the Sabbath, under exceptional circumstances, may be a work of necessity within the meaning of the exception in section 1321, Kentucky Statutes, but the mere shaving, trimming the hair and performing for his patrons the regular and ordinary work of a barber upon the Sabbath is not a work of necessity, within the meaning of the exception, and is in violation of the statute relating to the performance of work and labor upon the Sabbath.

HENRY J. TILFORD for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant. Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, J. H. Gray, by means of a warrant charging him with a violation of section 1321, Ky. Statutes, was brought before the police court for the city of Louisville. He was adjudged to be guilty of the offense denounced by the statute and a fine of fifty dollars and the costs of the prosecution imposed upon him. He appealed from the judgment of the police court to the circuit court. A trial by jury was duly waived and the judge of the circuit court heard and determined both the facts and law of the case. A trial resulted in appellant being found guilty as charged in the warrant, and the

same penalty for his offense was imposed by the circuit court, as was imposed by the police court. His motion for a new trial being overruled, he has appealed to this court. The ground relied upon in the circuit court for a new trial and in this court for a reversal of the judgment is, that the judgment is contrary to law and the evidence.

The facts of the case are as follows: The appellant was a barber, who conducted the business of a barber in his shop, which was located at 418 West Walnut street, in the city of Louisville, and the conduct of the business was his regular trade and calling, and on the 2nd day of April, 1916, which was Sunday or the Sabbath, the appellant opened his shop as usual, and there shaved and trimmed the hair of several persons, in fact, all the persons who entered the shop on that day and requested that such services be rendered them, and he, also, employed another barber in shaving persons and trimming their hair in his shop on the same day, and for all the services rendered the persons for whom barbering was done, the appellant charged the customary sums, which they paid.

There being no dispute as to the facts, the only question for determination is, whether the facts above stated constituted a violation of section 1321, Ky. Statutes, and whether the circuit court erred in construing the proven facts to be a violation of the statute and imposing the penalty for its violation.

The statute is as follows: "No work or business shall be done on the Sabbath day, except the ordinary household offices, or other work of necessity or charity, or work required in the maintenance or operation of a ferry, skiff or steamboat or steam or street railroads. If any person on the Sabbath day shall himself be found at his own or at any other trade or calling, or shall employ his apprentices or other person in labor or other business, whether the same be for profit or amusement, unless such as is permitted above, he shall be fined not less than two nor more than fifty dollars for each offense. Every person or apprentice so employed shall be deemed a separate offense. Persons who are members of a religious society, who observe as a Sabbath any other day of the week than Sunday, shall not be liable to the penalty prescribed in this section, if they observe as a Sabbath one day in each seven, as herein provided."

The appellant does not contend that he was not engaged in working at his own trade or calling, or that he did not have other persons employed in the work of barbering for profit on the Sabbath; neither does he contend that barbering is not a work or business, but his sole contention is, that the business of shaving persons and trimming their hair and performing the other services usually rendered by a barber for his patrons is a work of necessity, within the meaning of the statute, and that the performance of such work is within the exception in the statute and therefore lawful. It will be observed that the law making department of the government has not declared any works or business to be works of necessity, except the ordinary household offices, or work required in the maintenance or operation of a ferry, skiff or steamboat or steam or street railroads. As to what other works or business are works of necessity, and when any particular work or business is a work of necessity and lies within the exception in the statute is left to be determined by the courts upon the facts and under the circumstances of each particular instance. It is apparent that the changing conditions of civilization, the improvements in the methods of transportation to meet the demands of increasing commercial relations, the demand of social relations, which did not formerly exist, have made works which were once not regarded by the common sense of the country as works of necessity, to be regarded and held by that same common sense as works of necessity. It is, also, apparent that ordinary avocations, which are not ordinarily works of necessity, may, by the exigencies of occasions, become works of necessity. The harvesting of a tobacco crop is not commonly or ordinarily a work of necessity, but if the chill of the atmosphere portends a destructive frost upon the night following the Sabbath day, the common sense of the country declares the immediate cutting of the crop to be a work of necessity. Exigencies may arise in almost every trade or calling, which is not ordinarily a work of necessity, which will make upon the occasion the work of the trade or calling a necessity. A new condition may arise in the manner of doing business and may become the ordinary way of doing business, and thus make work, which theretofore was not a work of necessity, become one. Hence, no hard and fast rule can be adopted which should be applied to all works and at all times and

under all circumstances for determining what are works of necessity within the meaning of the statute. All the states have statute laws which make it unlawful to do the work of one's calling, or the trade of another, upon the Sabbath day, but all of them make an exception of works of necessity and charity. Under these statutes many adjudications have been made by the courts touching what are works of necessity within the meaning of the statutes, but many of them are based upon statutes which are different in their terms to our statute, and which cause the adjudications to be valueless in determining the question of what is a work of necessity within the exception of our statute. The state of Massachusetts has a statute which declares that, "Whoever on the Lord's day keeps open his shop, warehouse or workhouse, or does any manner of labor, business or work, except works of necessity or charity, shall be punished, etc." The supreme court of the state in Com. v. Dextra, 143 Mass. 28, while declining to decide whether it was a work of necessity to cut hair and shave beards on the Lord's day, held that Dextra, a barber, was amenable to the penalty prescribed by the statute for keeping open his barber shop upon that day for the purpose of following his trade as a barber. In the State v. Kuehier, 110 S. W. 605, the Missouri supreme court held that it was not a work of necessity within the exceptions to the Sunday law in force in that state for a barber to ply his usual avocation on that day by cutting the hair and shaving a customer. The same court held to the same view in State v. Schatt, 107 S. W. 10.

In State v. Frederick, 45 Ark. 347, the court held that judicial notice would be taken, that the shaving of his customers by a barber is a work done by him in the course of his ordinary calling and is not a work of necessity within the exception of the statute. In McCain v. State, 58 S. E. 550, the supreme court of the state of Georgia referred to and approved the conclusion of the court in State v. Frederick, *supra.*

In Petit v. Minnesota, 177 U. S. 164, the court held that while the bare fact of shaving some particular individual under exceptional circumstances might be upheld as a work of necessity, the public exercise of the occupation of shaving and hair cutting could not be justified as a work of necessity.

It should be borne in mind that the enactment of the statute prohibiting work and labor upon the Sabbath day was not an attempt to enforce any religious duties, but is a civil regulation authorized by the legislature in the exercise of the police power of the state, and that the necessity which must exist to bring the doing of any work within the exception of the statute is not an absolute, unavoidable, physical necessity, but as defined by the court in Lane v. State, 150 S. W. 637, and by this court in Com. v. Louisville & Nashville Railroad Co., 80 Ky. 291: ''The law regards that as necessary which the common sense of the country, in its ordinary modes of doing its business, regards as necessary.'' The fact that in a great many of the states the legislatures have adopted statutes making it unlawful to engage in the business of barbering on the Sabbath day, and that, in this state a statute having that end in view was enacted by the General Assembly, would indicate conclusively that the common sense of the country, in its ordinary modes of doing business, does not regard the business and work of barbering as a necessity, which would justify engaging in it upon the Sabbath. The statute referred to as having been adopted in this state was held to be unconstitutional, because its enactment was contrary to the provisions of section 59, subsections 4 and 29, of the Constitution. Stratman v. Com., 137 Ky. 500.

In Flagg v. Milbury, 4 Cush (Mass.) 243, another definition for the necessity, which brings a work within the exception of the statute, was announced and the courts of several states have adopted the definition. It is, ''that the necessity meant is not a physical and absolute necessity, but a moral fitness or propriety of the work and labor done under the circumstances of each particular case.'' If this definition should be accepted, it might then be asked what is the moral fitness and propriety of following the avocation of a barber on Sunday? It certainly cannot be said that it is a work of necessity upon the part of the barber. It is argued by some that barbering is a work of necessity because it is not convenient for some persons to have themselves shaved on Saturday, or else they are too much engaged upon other days to have the services of a tonsorial artist upon any day except Sunday. It has been said that the best thought and ablest writers of modern times agree and human experience has demonstrated that it is

to the best interest of the human family that the members of it have days of rest and that such days are essential to the moral and physical well being of society. The Sunday statute was adopted as an assistance, to the conservation of the lives and health of all the citizens of the country, to promote their morality and love of family and home. It enables the people who toil daily to be in the society of their wives and children and to have the benefit of religious worship upon one day out of seven.

As said by Justice Field in Ex Parte Newman, 9 Cal. 502, in reference to the Sunday statute in force in the state of California.

"Its requirement is a cessation from labor. In its enactment the legislature has given the sanction of law to a rule of conduct, which the entire civilized world recognizes as essential to the physical and moral well being of society. Upon no subject is there such a concurrence of opinion among philosophers, moralists, and statesmen of all nations as on the necessity of periodical cessation from labor. One day in seven is the rule founded in experience and sustained by science. The prohibition of secular business on Sunday is advocated on the ground that by it the general welfare is advanced, labor protected and the moral and physical well being of society promoted."

The barbers and their associates should be permitted to have the benefits of a cessation from labor one day in seven, as other citizens. Those who desire the services of a barber have six whole days in which to secure them.

In Ex Parte A. A. Kennedy, 51 L. R. A. 270, the supreme court of Texas, adopting the definition of a work of necessity as defined in Flagg v. Milbury, *supra*, said:

"The necessity must be real and not a fancied one; there must be not only an honest belief on the part of the defendant that the necessity exists, but the actual existence of the necessity must be shown. Nor does the exception embrace work which is merely convenient, but not necessary."

This view was approved in Hennendorf v. State, 25 Texas App. 597.

In Com. v. Waldeman, 140 Penn. St. 89, the court, referring to the contention in that case that the work of

the barber in shaving persons on Sunday was a necessity, said:

"While we concede that it may be a great convenience to many persons, we are not prepared to say as a question of law that it is a work of necessity."

In McCain v. State, 58 S. E. 550, work done by McCain, who was a barber, in that case was the shaving of certain members of a club upon Sunday, who contended that the work was one of necessity, because they were so engaged in their own affairs upon Saturday that they had not time to secure a shave except upon Sunday. The supreme court of Georgia said:

"While shaving may be regarded as an act of personal cleanliness, desirable to be performed upon the first day as well as upon the other days of the week, still this fact does not make shaving necessary or the work of the barber one of necessity."

In 24 Am. & Eng. Enc. Law 544. the text is as follows:

"The business of a barber in shaving his customers is a matter of convenience and not a work of necessity or charity, and therefore does not come within the exception."

In 37 Cyc. 553, the text states:

"It is well settled that the fact that it is convenient and profitable to perform certain labor or transact certain business on Sunday does not render it a necessity."

Referring particularly to the work of barbering, it is said in Cyc. 37, 545:

"Barbering is laboring within the meaning of a general statute prohibiting labor or worldly employment on Sunday, and is not generally considered a work of necessity."

In the light of the foregoing authorities, while the shaving of a particular person by a barber under exceptional circumstances upon the Sabbath may be a work of necessity, yet where a barber is simply doing his work of shaving and cutting the hair of his customers and doing for them the regular services of a barber on the Sabbath, it is not a work of necessity and does not lie within the exception of the statute, and hence the appellant was guilty of the offense of which he was convicted, and the judgment appealed from is affirmed.