## Capital Theater Company v. Commonwealth.

(Decided January 22, 1918.)

### Appeal from Franklin Circuit Court.

1. Sunday—Sports or Amusements—Moving Picture Show—Statute.—Operation of a moving picture theater or show on Sunday is not an "ordinary household office or other work of necessity or charity," allowed on that day by Kentucky Statutes, section 1321; hence, appellant's conviction, on a trial in the circuit court of the offense of conducting its calling or business on Sunday by

operating on that day its moving picture theater, the fact of its so doing being admitted by it, was authorized under the statute.

2. Sunday—Sports or Amusements—Moving Picture Show.—The act of the appellant in causing several of its employes to assist in the work of operating the moving picture theater on Sunday, constituted, as to each of such employes, the commission by appellant of a separate offense, authorizing the recovery by the Commonwealth, in one penal action, of a fine of not less than $2 nor more than $50 against appellant for its own act of operating the moving picture theater on Sunday, and a like fine as to each of its employes caused to assist in its operation.

3. Sunday—Statute—Work and Labor.—The object of the statute is not only to prevent the employer from conducting his calling or business on the Sabbath, but also to protect his employe in his right to rest from labor on Sunday, and of this right the employer cannot deprive him by compelling work of him on that day.

4. Sunday—Statute—Work and Labor.—In the enactment of the statute the legislature has given the sanction of law to a rule of conduct, which the entire civilized world recognizes as essential to the physical and moral well-being of society. Its requirement is a cessation from labor on Sunday. One day in seven is the rule founded in experience and sustained by science. Therefore, the prohibition of secular business on Sunday is compelled on the ground that by it the general welfare is advanced, labor protected and the moral and physical well-being of society promoted.

5. Sunday—Observance of—Statute.—The legislature alone can declare by its enactment how Sunday shall be kept; and the courts must construe and apply the present Sunday statute according to its meaning. If, therefore, the present statute can in any proper sense be regarded unfair or unjust, the remedy is by application to the legislature to modify or amend it.

GUY BRIGGS for appellant.

J. P. HOBSON & SON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This penal action was brought in the name of the Commonwealth of Kentucky against the Capital Theater Company, a corporation organized under the laws of this state and possessing such powers as are common to private corporations; among which is the right to contract and be contracted with, to sue and be sued. Its business is the conducting of a theater in Frankfort, Kentucky, at which plays are presented by moving pictures to those who pay for admittance to the building known as the Capital Theater. The object of the action was to

recover of it for the Commonwealth a fine or fines for operating its theater on Sunday and employing certain named persons to work for it in so doing, which, it was alleged in the petition, constituted a violation of the provisions of section 1321, Kentucky Statutes, the punishment for which, as therein prescribed, is a fine of not less than two nor more than fifty dollars for each offense.

The Capital Theater Company filed a general demurrer to the petition and, without waiving its right to a hearing upon the demurrer, it later filed an answer, the brevity of which permits insertion here of the following and only material parts thereof:

"Comes now the defendant . . . and states that it is true it does operate on Sunday a picture show, and that it did at the time stated in plaintiff's petition employ the persons named in plaintiff's petition; but it states that the operation of said picture show on Sunday and the employment of the persons named in plaintiff's petition, was a work of necessity and that, therefore, this defendant is not liable under the statutes of the State of Kentucky."

A paper entitled "Intervening petition" containing the names of several hundred representative citizens and taxpayers of the city of Frankfort was produced in the court below and offered to be filed in resistance of the prosecution of the action against the Capital Theater Company, such resistance being rested on the ground that the operation of its picture show on Sunday "is a great factor for good in Frankfort by reason of the fact that it does not interfere with the attendance upon the churches of the city, and does afford a place of recreation for those who have not more expensive forms of recreation within their reach;" and that "Unless the Capital Theater and other shows in the city of Frankfort are permitted on Sunday, they will be compelled to close entirely and thus the citizens, including the petitioners, will be deprived of a form of recreation and innocent amusement to which they are entitled."

The record fails to show what action, if any, was taken by the court upon the petition of the citizens, or upon the demurrrer to the Commonwealth's petition. It appears, however, that a jury was waived and the case submitted to the court upon the petition of the Commonwealth, answer of the Capital Theater Company, and an agreed statement of facts, resulting in a judgment declaring the

Capital Theater Company guilty as charged in the petition, fixing its punishment at a fine of $51.00, and awarding the Commonwealth a recovery against it for that amount and the costs of the action. The Capital Theater Company complains of that judgment. Hence, this appeal.

It appears from the agreed facts as well as the admissions of the answer that appellant's picture show is constantly operated on Sunday as on every other day of the week; and that on Sunday, March 4, 1917, the day the petition alleges the particular offenses were committed for which the recovery was sought in this case, appellant was engaged for profit at its trade or calling of operating a moving picture show in the Capital Theater in the city of Frankfort; that tickets were sold on that day for these shows as on other days of the week, which were taken up at the door and the persons buying them admitted to the theater; that the price of admission to the theater was ten cents for each person and the play given on that day was "Kick In," by Willard Mack, featuring Mollie King and William Courtney. Two performances were given on that Sunday, one in the afternoon at two o'clock and the other at night, beginning at seven o'clock, and appellant then had employed and at work in operating the picture show both afternoon and night Logan Petterson, Freda Busam, Wallace Rowland, William Russell, E. E. Rosson and Marshall Brewer, none of whom are members of a religious society which observes as Sabbath any other day of the week than Sunday; Logan Petterson was the operator of the moving pictures; Freda Busam sold the tickets for admission to the performances; Wallace Rowland and William Russell were doorkeepers and took up the tickets; E. E. Rosson was the engineer; Marshall Brewer the janitor; Alvin Ridder was the musician and R. L. McLean was the manager. It also appears from the statement of agreed facts that appellant had witnesses who would have testified that in the city of Frankfort there are eight thousand men, women and children, whose average earnings are less than thirty dollars per month; that there are no parks, concerts or any kind of amusements offered either by the churches or by the municipality, and that these eight thousand citizens work from seven o'clock on Monday morning to six o'clock on Saturday evening; that the principal recreation they have is from two o'clock p. m. until bedtime; that the em-

ployees of appellant who were engaged in operating its picture show on Sunday, March 4, 1917, do their work on Sunday from two-thirty until four-thirty o'clock in the afternoon and from seven-thirty until nine-thirty o'clock in the evening, after they have had the opportunity to go to church and Sunday school in the morning; that' the pictures shown on Sunday do not differ from those on week days; and that they are innocent and not of themselves immoral or detrimental.

The first and principal question presented by the appeal for decision is, was the operation by appellant on Sunday of its moving picture theater, for which the fine was recovered of it in the court below, a violation of section 1321, Kentucky Statutes? The statute provides:

"No work or business shall be done on the Sabbath day, except the ordinary household offices, or other work of necessity or charity, or work required in the maintenance or operation of a ferry, skiff or steamboat, or steam or street railroad. If any person on the Sabbath day shall himself be found at his own or at any other trade or calling, or shall employ his apprentices or other person, in labor or other business, whether same be for profit or amusement, unless such as is permitted above, he shall be fined not less than two nor more than fifty dollars for each offense. Every person or apprentice so employed shall be deemed a separate offense. Persons who are members of a religious society, who observe as a Sabbath any other day in week than Sunday, shall not be liable to the penalty prescribed in this section, if they observe as a Sabbath one day in every seven as herein provided."

The trade or calling of appellant was and is the running of its moving picture theater. It was found at its calling on the Sabbath day, March 4, 1917, and while so engaged at its calling and in its regular business on the Sabbath day it employed other persons in labor to assist it in conducting its business on that day. The only work or business excepted by the statute is such as appertains to the "ordinary household offices, or other work of necessity or charity, or work required in the maintenance or operation of a ferry, skiff, or steamboat, or steam or street railroad." The exceptions enumerated exclude other exceptions. If the operation of a moving picture theater or show on Sunday was intended to be excluded out of the operation of the statute, it doubtless would

have so declared; and it was as necessary to be declared, as it was to specify the operation of a ferry, skiff, steamboat, steam or street railroad, as excluded by its provisions. If the running of a ferry, skiff, steamboat, steam or street railroad on the Sabbath was not regarded by the legislature as a work necessarily coming within the meaning of the words, "or other work of necessity or charity," found in the statute, and, for that reason, was declared permissible, it was equally necessary for the statute to declare permissible the work of maintaining a moving picture theater on the Sabbath, which is far less a work of necessity or charity than that of operating a ferry, skiff, steamboat, steam or street railroad. So logically speaking, if the latter work does not, in the absence of a declaration in the statute to that effect, come within the meaning of the words, "work of necessity or charity," how can it be said that the work of operating a moving picture show on Sunday does come within their meaning?

It will also be observed that the inhibition of the statute applies whether the work forbidden to be done on the Sabbath be for profit or amusement. In this case appellant's theater was admittedly run for profit, which aggravates rather than diminishes the offense. Notwithstanding its Biblical origin and antiquity, the Christian Sabbath has never by reason thereof been required by legislative enactment to be observed as a day exempt from labor; nor does any statute requiring its observance as a day of rest give recognition to that feature. Such statutes are all made to rest on the fundamentally humane doctrine that to the well being of society periods of rest are indispensably necessary; and that to be productive of the contemplated advantage the periods of rest may recur at stated or fixed intervals, so that all the people of which the community is composed may enjoy a respite from labor at the same time. To this end it is competent for the state, through its legislative department, and under its police power, to fix the time of the stated return of the periods of rest and by appropriate penalties compel the cessation of all unnecessary labor upon each recurrence of the day designated as a day of rest.

Our meaning is well expressed by the following excerpt from the opinion of Mr. Justice Field in Ex Parte Newman, 9 Cal. 502, which involved the validity of the Sunday statute in force in that state. Said Justice Field:

"Its requirement is a cessation from labor. In its enactment the legislature has given the sanction of law to a rule of conduct, which the entire civilized world recognizes as essential to the physical and moral well-being of society. Upon no subject is there such a concurrence of opinion among philosophers, moralists and statesmen of all nations as on the necessity of periodical cessations from labor. One day in seven is the rule founded in experience and sustained by science. The prohibition of secular business on Sunday is advocated on the grounds that by it the general welfare is advanced, labor protected and the moral and physical well-being of society promoted."

In Ex Parte Kennedy, 51 L. R. A. 570, the supreme court of Texas, in adopting the definition of a work of necessity as defined in Flagg v. Milbury, 4 Cushing (Mass.) 293, said:

"The necessity must be a real and not a fancied one; there must be not only an honest belief on the part of the defendant that the necessity exists, but the actual existence of the necessity must be shown, nor does the exception embrace work which is merely convenient but not necessary."

In 37 Cyc. 553, it is said:

"It is well settled that the fact that it is convenient and profitable to perform certain labor or transact certain business on Sunday does not render it a necessity." Hennendorf v. State, 25 Tex. App. 597; Commonwealth v. Waldeman, 140 Pa. St. 89.

In this jurisdiction the law regarding this question has been declared in a number of cases, the two most recent of which are Gray v. Commonwealth, 171 Ky. 269, and McAfee v. Commonwealth, 173 Ky. 83; in the first it was held that operating a barber shop on Sunday was a violation of the statute here under consideration. In the opinion it is, in part, said:

"It is argued by some that barbering is a work of necessity because it is not convenient for some persons to have themselves shaved on Saturday, or else they are too much engaged upon other days to have the services of a tonsorial artist upon any day except Sunday. It has been said that the best thought and ablest writers of modern times agree and human experience has demonstrated that it is to the best interest of the human family that the members of it have days of rest and that such days are

essential to the moral and physical well being of society. The Sunday statute was adopted as an assistance, to the conservation of the lives and health of all the citizens of the country, to promote their morality and love of family and home. It enables the people who toil daily to be in the society of their wives and children and to have the benefit of religious worship upon one day out of seven . . . The barbers and their associates should be permitted to have the benefits of a cessation from labor one day in seven, as other citizens. Those who desire the services of a barber have six whole days in which to secure them.''

In McAfee v. Commonwealth, *supra,* we held that the keeping open of a confectionery on Sunday at which candy and soft drinks, such as soda water, were sold was a violation of the statute, the court, among other things, saying:

''If McAfee can claim immunity from the operation of the Sunday law on the ground of necessity, it would follow that any persons who kept for sale articles of prepared food, such as cheese, crackers and canned goods in connection with other articles usually had for sale in grocery or confectionery stores, could keep their places of business open on Sunday and conduct their business on that day in the same manner that they did on other days of the week.

''It is also manifest that if this useful and beneficent statute is to accomplish the purpose of its enactment, it can not be so construed. Such a construction would entirely defeat as to a large class of people the object of the statute, which should be given a reasonable construction and one that will carry out the legislative intent in its adoption. And this intent was to compel observance of the Sabbath day by all persons without reference to the trade, business or occupation they engaged in and to forbid the doing of any work or business on that day except the ordinary household offices or other work of necessity or charity, unless the work was one of the employments specifically excepted in the statute . . . . It is also well settled by the current authority that the necessity that will excuse engaging in work or business on the Sabbath day need not be a physical necessity or an imperative or overpowering necessity. It need be only a reasonable necessity and one that is created by some real or unexpected emergency or uncommon or extraordinary condition. The fact that the failure to do something may cause

interruption or delay in the ordinary course of business, or some discomfort or inconvenience to the individual affected or the public, will not make the doing of the thing a work of necessity. It must be something that not to do would work severe hardship or loss or unusual discomfort or inconvenience either to the individual who does the thing complained of or to the person or persons for whom, he does it.''

It was insisted in the McAfee case that the statute should be given such a construction as would make it reasonably conform to present conditions and adaptable, to the needs of the people of today, in response to which the court said:

''But, in our opinion, these changed and ever changing conditions in the customs, manners and habits of the people can not be allowed to alter the meaning or impair the efficiency of this statute. It must be given the same construction and effect today that it had yesterday, and in all cases such a necessity must exist to excuse the doing of work or business on Sunday as must have existed to excuse the doing of work or business on Sunday in more primitive times. But to meet the demands of new conditions and changing modes and habits of life, the scope and operation of the statute is constantly broadening, so that it may reach out and be applied to these new conditions as they come up and yet not depart from the rule that nothing short of necessity will excuse the doing of the work or business on the Sabbath day. As new developments in social, business and economic life are constantly bringing into view new customs, trades and callings, the statute as it reads must be applied to these new conditions, and the work or business subjected to the never changing test of necessity, judged by the facts and circumstances of the case under investigation.''

A case yet more instructive than those already mentioned because it concerned the running of a theater on Sunday is that of Topeka v. Crawford (Kansas), 19 L. R. A. (N. S.) 1157, in which it was held that the operation of the theater on Sunday violated a statute similar to the Sunday statute in this state. In the opinion it is, said:

''If to keep open a store and receive and sell wares. therein is the common labor of a merchant, it is fair to say that to keep open, manage and superintend a theater, and sell tickets therein is the labor of such manager; and,

if we keep in mind the object of these regulations, we will see that the reason of the rule applies quite as forcibly to the theatrical manager as to the merchant.''

To the same effect are the following cases: Quarles v. State, 55 Ark. 10; Moore v. Owen, 109 N. Y. S. 585; State v. Ryan, 80 Conn. 582; St. Joseph v. Elliott, 47 Mo. App. 418; Commonwealth v. Alexander, 185 Mass. 181.

The authorities also agree that the question whether the work complained of as having been done on the Sabbath is a work of necessity or charity, the facts being established or, as in this case, agreed, is one of law to be decided by the trial court. It is, we think, clear from the agreed facts of this case that in operating its moving picture theater Sunday, March 4, 1917, appellant violated section 1321, Kentucky Statutes; and furthermore, that its acts in causing its several employes named in the petition to assist in the work of operating the picture show on that day, constituted, as to each of such employes, the commission by appellant of a separate offense. The object of the statute is not only to prevent the employer from conducting his calling or business on the Sabbath, but also to protect his employes in their right to rest from labor on the Sabbath; and of this right the employer can not deprive them by compelling work of them on the Sabbath. For this reason the statute has made it an offense to require of his employes in labor on the Sabbath and for every employe so engaged in labor the employer shall be deemed guilty of a separate offense.

Moving picture shows are, in the main, instructive as well as entertaining, but the fact that many people can more conveniently attend them on Sunday than on other days does not justify the running of such shows on Sunday. The legislature alone can declare by its enactment how Sunday shall be kept and the court must construe and apply the present Sunday statute according to its meaning. If, therefore, the existing statute can in any proper sense be regarded as unfair or unjust, the remedy is by application to the legislature to modify or annul it; neither of which the courts can do, as their power goes no further than to construe it and declare what the legislature meant by its enactment.

Appellant's final contention must likewise be rejected. This contention is that as the maximum punishment prescribed by the statute for the offense of which appellant was convicted is $50.00, the circuit court in fixing its punishment at a fine of $51.00 exceeded its jurisdiction.

The judgment in thus fixing the fine was warranted by the terms of the statute which provides that the punishment for the offense it defines shall be a fine of not less than $2.00 nor more than $50.00 for "every person or apprentice so employed." As appellant, according to the agreed facts, employed six other persons in running its moving picture show on Sunday a fine of $350.00 might have been imposed as prayed in the petition. Commonwealth v. Chesapeake & Ohio R. R. Co., 32 R. 1400.

There being no error in the judgment appealed from, it must be and is affirmed. The whole court sitting.