## Bailey v. Farmers' Bank of White Plains et al.

(Decided December 21, 1928.)

180

H. F. S. BAILEY for appellants.

FOX & GORDON and COX & GRAYOT for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellants on this appeal were the appellees on a former appeal of this case. See 221 Ky. 55, 297 S. W. 938. Upon such former appeal, the appellants were held to be entitled to a lien on $3,037.04 as the identified proceeds of $19,500 of bonds, which Bailey et al. had left with the bank for safe-keeping. On the return of this case this $3,037.04 was distributed among them. Thereupon Bailey et al. asserted the remaining $16,462.96, with interest, as general claims against the estate of this insolvent bank. The trial court declined to allow this as such, hence this appeal.

The state banking commissioner, as the representative of the Farmers' Bank of White Plains, together with other general creditors of the bank, conceiving the idea that, as Bailey et al. had elected to treat this as a bailment and to treat their relation to the bank as that of bailor and bailee, and this court having held that that was their relation, concluded that Bailey et al., having elected to take that position, were now estopped to claim they were creditors of the bank, and hence should not be allowed to file this balance as a general claim against the assets of this bank. They filed a pleading to that effect, to which Bailey et al. interposed a demurrer. The court overruled the demurrer, and thereupon Bailey et al. filed a pleading asserting their claims as general claims, to which the banking commissioner and those associated with him filed a demurrer, which the court sustained.

The action of the court in ruling on these demurrers was erroneous. This was a simple bailment for the benefit of the bailor. The relation of debtor and creditor was not created by the deposit of the bonds, but simply that of bailor and bailee, and Bailey et al. have never changed their position. The banking commissioner and those associated with him erroneously conceived the idea that they had, and, as we have said, filed a pleading to that

effect, thus raising a false issue, that Bailey et al. had shifted their position and were now asserting that by leaving these bonds with the bank for safe-keeping they had made the bank their debtor. They led the attorneys for Bailey et al. off with them, and the court went along with the crowd, and held Bailey et al. could not, after claiming the relation of bailor and bailee, now claim the relation of debtor and creditor. Attorneys for both sides have elaborately briefed and discussed that false issue here. The whole matter will be simplified by a consideration of the rights and duties of bailor and bailee.

One of the most important rights of the bailor is that upon the termination of the bailment, he shall have returned to him the identical thing bailed or the product thereof, or the substitute for that thing. See 6 C. J. 1139, sec. 92; 3 R. C. L. 114, sec. 37; Schouler on Bailments and Carriers (3d Ed.) sec. 6.; Story on Bailments (9th Ed.) sec. 97. Thus we see that the primary duty of the bank was to return to Bailey et al. the identical bonds left with it, and the primary right of Bailey et al. was to have its identical bonds, and, after the bank had sold and converted these bonds, Bailey et al. were entitled to the product of that sale. They succeeded in identifying $3,037.04 as the product of that sale, and they were just as much entitled to that as if they had gone there on the morning after the bank closed, and had found bonds aggregating $3,037.04 in the vaults of the bank with their names upon them.

With that out of the case, the question then is: What were the rights of Bailey et al. as to the remaining $16,462.96 worth of bonds that were not there, but which it is admitted the bank had sold, and the product of which it had used? The sale of these bonds was a wrongful conversion of the property of Bailey et al. to the use of the bank, for which the bank is liable to Bailey et al. for the value of the property so converted. It is admitted these bonds were sold at par. Therefore the bank is liable to Bailey et al., by reason of its wrongful conversion of the subject-matter of the bailment, for the amount it received therefor, to wit, $16,462.96. See 3 R. C. L. 111, sec. 35; 6 C. J. 1128, sec. 67; Schouler on Bailments and Carriers (3d Ed.) sec. 64; Story on Bailments (9th Ed.) sec. 122.

The position taken by Bailey et al. has been consistent throughout. They insisted they were bailors. They succeeded in identifying a portion of the product of the wrongful conversion of their bonds. The bank has failed to return the bonds, and has failed to return to them the remaining $16,462.96 which it got from the conversion of them, and, when it failed to return them, then for the first time, and by operation of law, for its breach of the contract of bailment, the bank became the debtor of Bailey et al. for this $16,462.96.

If, instead of leaving 190 bonds with this bank, Bailey et al. had left with the bank 190 horses, which the bank had undertaken to keep and care for, but had sold and converted 160 of them, no one would for a moment say that Bailey et al. were not entitled to the possession of the 30 horses that remained or were not entitled to pay for the 160 horses that had been sold and converted. The law usually is what the average reasonable man thinks it ought to be. There is no difference in principle between that and this case, and they are entitled to recover from this bank $16,462.96. As the bank is insolvent, they are entitled to file this as a general claim, and to have it so allowed, and to have dividends paid thereon as provided by section 165a17, Kentucky Statutes, the pertinent part of which is:

"The assets of any bank in liquidation under this act shall be applied (a) to the payment of costs and charges of liquidation, and preferred claims; (b) to satisfaction of secured claims to the extent of such security; (c) to the satisfaction of all other debts, including unsatisfied balances of secured claims, ratably and without preference to the amount allowed at the time of distribution, and (d) the residue, after all liabilities are paid shall be distributed for the benefit of the stockholders ratably, or may, on their request, be turned over to them or their agent for settlement."

The judgment is therefore reversed. The trial court will set it aside, will allow this balance of $16,462.96 as a general claim, and will distribute these assets in accordance with the statute cited.