**ARLAN'S DEPARTMENT STORE OF LOUISVILLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 3, 1963.

As Modified on Denial of Rehearing
June 28, 1963.

Court holding the Sunday closing law, KRS 436.160, unconstitutional. The particular grounds on which the validity of the law had been successfully challenged in the circuit court are discussed in Commonwealth v. Arlan's Department Store of Louisville, Ky., 1962, 357 S.W.2d 708. The case was then tried on stipulated facts without a jury and resulted in a conviction from which the defendant now appeals, contesting the statute on a new and different ground. Because of the importance of the question and the desirability of its early resolution we shall not consider the technical objection that in this proceeding it is concluded by the "law of the case" principle.

The heart of the statute is contained in this sentence:

"(1) Any person who works on Sunday at his own or at any other occupation or employs any other person, in labor or other business, whether for profit or amusement, unless his work or the employment of others is in the course of ordinary household duties, *work of necessity* or charity or work required in the maintenance or operation of a public service or public utility plant or system, shall be fined not less than two dollars nor more than fifty dollars." (Emphasis added.)

*The stipulated facts are:*

"The defendant, Arlan's Department Store of Louisville, Inc., has for the past three years conducted a retail department store in Jefferson County, Kentucky. Said store sells hundreds of items including items of clothing, jewelry, cameras, utensils, appliances, hardware, cosmetics, toys, food for consumption on and off the premises and sundries. Said defendant operated said store on Sunday, April 24, 1960, and sold items above referred to and also sold to a customer a plastic bag containing toy blocks on said date. The defendant in offering for sale to the public the merchandise above referred to, employed various cashiers and other sales personnel on said date."

---

James E. Thornberry, Louisville, for appellant.

Charles E. Keller, Oldham Clarke, Louisville, amici curiae.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., Laurence E. Higgins, Commonwealth's Atty., Carl C. Ousley, Jr., Asst. Commonwealth's Atty., for appellee.

PALMORE, Judge.

On a previous appeal of this case we reversed a judgment of the Jefferson Circuit

The main issue now before us is whether by virtue of its "unless" clause, especially the exception of "work of necessity," the statute is so vague as to be unenforceable.

As a general principle of law the "void for vagueness" rule is well-established. It was explicitly stated in United States v. Capital Traction Company, 1910, 34 App.D. C. 592, 19 Ann.Cas. 68, 70, as follows:

"In a criminal statute the elements constituting the offense must be so clearly stated and defined as to reasonably admit of but one construction. Otherwise there would be lack of uniformity in its enforcement. The dividing line between what is lawful and unlawful cannot be left to conjecture. The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions. A criminal statute cannot rest upon an uncertain foundation. The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue. Penal statutes prohibiting the doing of certain things, and providing a punishment for their violation, should not admit of such a double meaning that the citizens may act upon the one conception of its requirements and the courts upon another."

One of the supporting authorities mentioned in the Capital Traction Company opinion was the Kentucky case of Louisville & N. Railroad Company v. Commonwealth, 1896, 99 Ky. 132, 35 S.W. 129, 33 L.R.A. 209, 59 Am.St.Rep. 457, in which this court, citing Mr. Justice Brewer's observation that there was very little difference between a provision of the Chinese Penal Code prescribing a penalty for "improper conduct" and a statute making it a criminal offense to charge more than a reasonable rate,[1] held void for uncertainty a statute declaring it an offense punishable by fine for a railroad corporation to charge "more than a just and reasonable rate," etc. In a later case, Sullivan v. Brawner, 1931, 237 Ky. 730, 36 S.W.2d 364, 368, it was suggested that a criminal enactment so indefinitely phrased as to require conjecture in determining its meaning not only violates fundamental rights of individuals charged with disobeying it, but also delegates to the courts what the writer of that opinion considered to be a legislative function. On the other hand, it was pointed out in Bailey v. Commonwealth, 1930, 235 Ky. 173, 30 S.W.2d 879,[2] "that a criminal law is not unconstitutional merely because it throws upon people the risk of rightly estimating a matter of degree which deals with fixed and actual, as distinguished from imaginary and unascertained, conditions." And in the recent case of McDonald v. Commonwealth, Ky.1960, 331 S.W.2d 716, implicitly acknowledging the influence of its public purpose, we held that the statute making it an offense to contribute to the delinquency of a minor is not void for uncertainty. KRS 199.320(1).[3]

The law of the colonies to the time of the Revolution was 29 Charles II, c. 7 (1677), which provided in part that no person might do any worldly labor, business or work on Sunday except for "work of necessity and charity only."[4] The same exception has descended to and appears today in the Sunday closing laws of a number of

---

1. Chicago & Northwestern R. Co. v. Dey, 1888, 35 F. 866, 1 L.R.A. 744, 751.

2. Upholding a 1912 penal statute (now KRS 338.120) requiring "suitable and proper" toilet facilities for female employes.

3. KRS 446.080 provides that all statutes of this state shall be liberally construed with a view to promote their objects and that there shall be no difference in the construction of civil, penal and criminal statutes.

4. McGowan v. Maryland, 1960, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.

the states.[5] "The effect of the phrase has been to give the courts a wide range of discretion in determining exceptions. But reasonable men can and do differ as to what is 'necessity.'"[6] In the long history of the statute this has been the issue the courts most frequently, and almost exclusively, have been called upon to decide. Probably because of the persuasive weight of public opinion, it has not often been suggested, until recently, that the Sunday closing laws are too vague for enforcement. That particular question has never been directly decided by this court, though on several occasions the meaning of "work of necessity" has been discussed incident to a determination of whether the specific activity involved in the case fell within that exception.[7]

In the few jurisdictions where the same or comparable phraseology has been tested against the "void for vagueness" rule the courts have divided. For example, in Commonwealth v. American Baseball Club of Philadelphia, 1927, 290 Pa. 136, 138 A. 497, 53 A.L.R. 1027 ("works of necessity and charity"), State of Iowa v. Linsig, 1916, 178 Iowa 484, 159 N.W. 995 ("work of necessity or charity"), and State of New Jersey v. Monteleone, 1961, 36 N.J. 93, 175 A.2d 207 ("works of necessity and charity"), the law was held not to be fatally uncertain. In State v. Hill, 1962, 189 Kan. 403, 369 P.2d 365, and Harvey v. Priest, Mo.1963, 366 S.W.2d 324, statutes prohibiting Sunday sales of merchandise except for "drugs

and medicines, provisions, or other articles of immediate necessity" were held too indefinite for enforcement.

Proceeding from abstract principles a logical case can be made for either side of the proposition in issue. There are ample precedents which, at least by analogy, support the appellant's position. Logic, however, is but one of the factors that enter into the complex process of jurisprudence. A legal theory is best defined by observation of how it is applied to actual fact situations. The way in which a principle has been applied in one type of case sometimes defies analogy with the way in which it has been applied (or not applied) in another. We are reminded again of Holmes' famous introductory passage: "The life of the law has not been logic: it has been experience. The felt necessities of the time, the prevalent moral and political theories, intuitions of public policy, avowed or unconscious, even the prejudices which judges share with their fellow-men, have had a good deal more to do than the syllogism in determining the rules by which men should be governed."[8]

The process by which the Sunday closing statute has weathered the tests of time, enacted originally for religious purposes that would now be considered fatal to its constitutionality, but later sustained "as a legitimate exercise of the police powers of the state * * * based upon long experience and custom, proving that periods of rest

---

5. See the separate opinion of Mr. Justice Frankfurter in the McGowan case at 366 U.S. 459, 526, 81 S.Ct. 1153, 1189, 6 L. Ed.2d 418, 456, and Appendix II attached thereto. Chapter 375, § 36, Acts of 1801 (Kentucky), provided that "no work or business shall be done or performed on the sabbath day, unless the ordinary household offices of daily necessity, or other work of necessity or charity." 2 Littell's Statute Law of Kentucky 480 (1810).

6. Ibid., Opinion of Frankfurter, J., footnoting a formidable selection of diametrically opposed opinions by various courts of last resort on the question of whether

specific activities were works of "necessity."

7. See Gray v. Commonwealth, 1916, 171 Ky. 269, 188 S.W. 354, L.R.A.1917B (barbering not a work of necessity); McAfee v. Commonwealth, 1917, 173 Ky. 83, 190 S.W. 671, L.R.A.1917C, 377 (operation of grocery not a work of necessity); Capital Theater v. Commonwealth, 1918, 178 Ky. 780, 199 S.W. 1076 (operation of a moving picture theater not a work of necessity); Natural Gas Products v. Thurman, 1924, 205 Ky. 100, 265 S.W. 475 (manufacturing of carbon black held to be a work of necessity).

8. Holmes, The Common Law, p. 1.

from ordinary pursuits are requisite to the well-being, physically and mentally, as well as morally, of a people," [9] provides graphic demonstration of Holmes' thesis.

Since we are called upon to assess the validity and effect of this law with due regard for "the manners, habits, wants and customs of the people it is to affect," [10] it is appropriate that we take judicial notice of some of the pertinent facts of life. We are aware that the enforcement of the statute by criminal process has been spotty and sporadic, so much so that 28 years ago a most incisive analyst of the American socio-political scene ventured to suggest that the so-called "blue laws" had appeared "to die a natural death without bothering anyone, even though they are not repealed." [11] Large numbers of people openly flout them with impunity. Yet we think a substantial majority observe them, by common custom and choice if not through respect for or fear of the enactment itself. Some who insist upon its enforcement are animated by considerations (e. g., limitation of business competition) quite foreign from its purposes, and many who do not wish to abide by the law would not abolish it, but prefer (perhaps unconsciously) to retain it as a symbol of morality. [12] All of this, however, is but a natural phenomenon of government by the people, reflecting the ambivalence of human nature itself. That conflicting emotions may combine to keep a law on the books and at the same time chafe at or even prevent its enforcement does not justify the courts in disturbing it or in evading its application. Such conflicts are better brought to the floor of the legislature.

Heretofore this court always has taken for granted, but without having to decide specifically, that the term "work of necessity" is sufficiently understandable, within the context of the Sunday closing law, for practical application. We now formally confirm that viewpoint. Concededly, the language is loose. So is the conception of the "reasonable man," the most useful tool of Anglo-American law. [13]

We agree, of course, with the appellant's position that if a law is so vague that the average reasonable man cannot intelligently choose in advance which course to follow, it is void, because such a law would illegally confer upon the courts powers both arbitrary, legislative in character, and ex post facto in effect. That also would be the practical effect if we should say, as was argued in this case, that what is a "work of necessity" is a jury question. Despite language in some of our cases which might give color to that viewpoint, we do not accept it. The question is one of law, to be decided in each instance by the court in which the case is being tried. [14] Commonwealth v. London, 1912, 149 Ky. 372, 149 S.W. 852; Capital Theater Co. v. Commonwealth, 1918, 178 Ky. 780, 199 S.W.

9. Strand Amusement Co. v. Commonwealth, 1931, 241 Ky. 48, 43 S.W.2d 321, 323.

10. Commonwealth v. Louisville & N. Railroad Co., 1882, 80 Ky. 291, 295, 3 LKR 788, 791, 44 Am.Rep. 475, 477.

11. Thurman Arnold, The Symbols of Government, p. 160 (Yale University Press, 1935, reprinted in 1962 by Harcourt, Brace & World, Inc.).

12. Ibid., pp. 159, 160, wherein the author contributes this gem: "No way has yet been discovered of preventing moral attitudes from persisting long after they are in direct conflict with human behavior. Most unenforced criminal laws survive in order to satisfy moral objections to established modes of conduct. They are unenforced because we want to continue our conduct, and unrepealed because we want to preserve our morals."

13. "The law usually is what the average reasonable man thinks it ought to be." Drury, C., in Bailey v. Farmers Bank of White Plains, 1928, 227 Ky. 179, 12 S.W.2d 312, 314.

14. If the court determines that the activity described in the charging instrument and proof is not a work of necessity, the jury may be instructed to the effect that if it believes beyond a reasonable doubt that the defendant did in fact engage in that activity on Sunday he should be found guilty.

1076, 1079. This is the only way in which the law can be (as it must be) the same in one local community as in another.

 It is our opinion that the operation of a department store on Sunday is not necessary. The stipulation contained sufficient evidence to show that the business being conducted by the appellant was not a work of necessity and did not come within any of the other exceptions set forth in KRS 436.160(1).

The judgment is affirmed.