## Commonwealth v. Huddleston.

June 14, 1940.

Flem D. Sampson, Judge.

Hubert Meredith, Attorney General, W. Owen Keller, Assistant Attorney General, and J. B. Johnson, Commonwealth's Attorney, for appellant.

W. B. Early for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

At the May, 1939, term of the Whitley Circuit Court, the appellee, a trustee for the Liberty School District, was indicted for the crime of accepting a bribe for recommending a teacher for employment. On September 18, 1939, the County Attorney moved the court to dismiss the indictment "for insufficient evidence to secure a conviction." The Commonwealth's Attorney filed written objections to the motion in which he recited that he had not been consulted by the County Attorney, and that the motion was made against his will. Notwithstanding the provisions of Section 243, Criminal Code of Practice, vesting in the Commonwealth's Attorney the prerogative of dismissing indictments with the consent of the court, and the express inhibition of Section 135, Kentucky Statutes, against the County Attorney so doing when the Commonwealth's Attorney is present and does not consent, the court dismissed the indictment, whereupon, the Commonwealth's Attorney excepted to the court's action, and forwarded a transcript of the record to the Attorney General, who, on October 18th, filed it with the clerk of this court accompanied by a statement and motion for an appeal.

A mere perusal of the sections of the Criminal Code and statute referred to discloses that the trial court was without power to dismiss the indictment on motion of the County Attorney over the protest of the Commonwealth's Attorney. Accordingly, the judgment is reversed, with directions to set aside the order of dismissal and reinstate the indictment.

Judgment reversed.