## Wells v. Miller, Com'r of Finance, et al.

Oct. 26, 1945.

A. E. Funk, Sarah Layman, and Chat Chancellor for appellant.

Eldon S. Dummit, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Honorable William Dixon, the regularly elected Commonwealth's attorney of the 33rd Judicial District, was inducted into the armed forces of the United States. He was absent from the State, and the Judge of the District, pursuant to KRS 69.060, appointed, by separate orders entered at each term, the Honorable Courtney C.

Wells to serve as Commonwealth's attorney pro tem. for eight successive terms of the Perry Circuit Court. Each order appointed Wells to serve during that entire term and fixed his compensation at $7 per diem and one-half the per centum allowed the Commonwealth's attorney.

Mr. Wells performed the duties of the office and presented his claim to the Commissioner of Finance who only paid him the $7 per diem and one-half the per centum allowed the Commonwealth's attorney on fines imposed where felonies had been reduced to misdemeanors; but he refused to pay him any portion of the fines and forfeitures collected in misdemeanor cases. This action was brought by Wells against the Commissioner of Finance and the State Treasurer to manadamus these two officials to pay him $2490.95, his per centum of fines and forfeitures in misdemeanor cases in the circuit court as well as the lower courts of Perry County.

The petition as amended properly alleged Wells' qualifications, his appointment in the absence of the Commonwealth's attorney, his performance of the duties of office, the amount of fines and forfeitures imposed in misdemeanor cases; and there is no controversy about any of these matters. But his pleading did not aver that the County attorney was absent or disqualified, and for this reason the chancellor sustained a general demurrer to the petition. Appellant declined to plead further, his petition was dismissed and he appeals.

A decision of this controversy requires a construction of KRS 69.060 and 69.210(3), which read:

"69.060. If the Commonwealth's attorney is absent at any term or part of a term of a circuit court, the circuit judge may appoint a suitable attorney to act as Commonwealth's attorney during his absence. The judge shall enter an order allowing the person appointed seven dollars per day, to be paid out of the State Treasury on certificate of the circuit court clerk. In addition the pro tem. attorney shall have one-half the per centum allowed the Commonwealth's attorney. The judge shall not appoint an attorney to act in the place of the Commonwealth's attorney unless he and the county attorney are both absent, or are related to or counsel for the accused, *except that in cases of felony the judge may appoint a pro tem. Commonwealth's Attorney even though the*

*county attorney is present and not disqualified."* (Our emphasis.)

"69.210(3). The county attorney shall attend the circuit courts held in his county and aid the Commonwealth's attorney in all prosecutions therein, and in the absence of the Commonwealth's attorney he shall attend to all of the Commonwealth's business in the circuit courts, *except those felony cases for which a pro tem. Commonwealth's Attorney is appointed under KRS 69.060.*" (Our emphasis.)

Section 69.060 is about as plain as the English language can make it. The portion of that section which we have italicized says the judge shall not appoint an attorney to act in the place of the Commonwealth's attorney unless both he and the county attorney are absent or are disqualified *except that in felony cases* the judge may appoint a pro tem. Commonwealth's attorney even though the County attorney is present and not disqualified. To clinch the matter the legislature provided in KRS 69.210(3) that the County attorney should attend to all the Commonwealth's business in the circuit court in the absence of the Commonwealth's attorney *except those felony cases for which a pro tem. Commonwealth's Attorney is appointed to prosecute under KRS 69.060.* This is the construction given these two statutes in Adams v. Commonwealth, 129 Ky. 255, 111 S. W. 348. That we have never departed from it may be seen by reading Northcutt v. Howard, 279 Ky. 219, 130 S. W. 2d 70.

Appellant relies upon Baker v. Dixon, 295 Ky. 279, 174 S. W. 2d 410, and City of Monticello v. Tate, 296 Ky. 569, 178 S. W. 2d 27. The Baker opinion quotes KRS 69.060 as providing the manner in which a pro tem. Commonwealth's attorney may be appointed, and we are unable to see how it supports appellants' position. The Tate opinion holds that the city council is authorized by KRS 26.270 to designate a police judge when the regular judge is absent or disqualified, and that this statute authorizes the city to compensate the substitute judge. We do not see the application of the Tate opinion to the case before us since the General Assembly provided in KRS 69.060 for the compensation of the pro tem. Commonwealth's attorney in prosecuting felony cases.

Appellant also cites Commonwealth v. Huddleston, 283 Ky. 465, 141 S. W. 2d 867; and Commonwealth v. Euster, 237 Ky. 162, 35 S. W. 2d 1, which are to the effect that KS sections 127 and 135, now KRS 69.210 and 69.220, make the Commonwealth's attorney, or a pro tem. Commonwealth's attorney, the superior of the County attorney, and give the former control over all prosecutions in the circuit court, and provide that the County attorney may not dismiss such prosecutions except on the advice of such attorney if he be present. When KRS 69.210(3) and 69.220 are read together it is evident it was the intention of the General Assembly that when the Commonwealth's attorney is present, he shall have full charge of all prosecutions and the County attorney may not dismiss any of them without his consent; but when the Commonwealth's attorney is absent, the County attorney is in charge of all prosecutions except felonies which are under the control and dominion of the Commonwealth's attorney pro tem. But if this construction should be erroneous—and we are quite sure it is not—we are still unable to see that KRS 69.220 has any connection with the circuit judge's appointment of a pro tem. under KRS 69.060, which is the only authority allowing the judge to make the appointment.

While we do not feel justified in taking the space necessary to here repeat the legislative history on the power of the circuit judge to appoint a commonwealth's attorney pro tem., which is so interestingly set out in the brief of the Assistant Attorney General, yet for the sake of preserving it to any reader who may be interested, we cite the references contained in his brief: An Act approved February 12, 1798, see 2 Littell's Statute Law of Kentucky, 77; an Act approved January 12, 1831, 1 Morehead and Brown's Digest Statute Laws of Kentucky, 166, 167; 1 Acts of 1885-6 p. 212; Acts of 1891 Chapter 100, Sec. 24, p. 264.

The legislative history of the office of County attorney we take from the same brief. The office was created in 1829, Acts 1829, p. 105; 1 Morehead and Brown's Digest Statute Laws of Kentucky 168; 1 Acts of 1883—84, p. 80—82; Acts of 1891, Sec. 31, Article 4, Chapter 100, p. 266.

Also, we take this legislative history from General

Holifield's brief on the power of a prosecuting officer to dismiss indictments:

"Under the common law of England before a jury is empaneled and even after the defendant is convicted, the Attorney General has the right to enter a nolle prosequi, but after a jury is empaneled and before trial, he can not enter a nolle prosequi without the consent of the defendant on trial. * * * As a general proposition in Kentucky, the Attorney General, and even the Commonwealth's attorney and County attorneys exercised the same right as to nolle prosequi as did the Attorney General in England until the year 1873, when the Legislature by an Act approved April 9, 1873, imposed limitations upon both the Commonwealth's attorney and the County attorneys in their respective spheres of power to dismiss absolutely indictments and warrants charging defendants with other crimes or misdemeanors."

The Act of 1873 may be found in Bullitt & Feland (1888 Ed.) General Statutes of Kentucky, p. 185. Subsequent Acts affecting this subject may be found in 1 Acts 1883-84, Chapter 1066, Sec. 6; Acts 1891, Chapter 100, sec. 39, p. 268.

Appellant insists that appellees are making a collateral attack on a valid judgment of the Perry Circuit Court wherein it appointed Mr. Wells and fixed his compensation, which is not countenanced in the law. He cites many authorities to the effect that only a void judgment is subject to collateral attack and argues that as the Perry Circuit Court had jurisdiction of the parties and of the subject matter, its judgment was not void even if considered erroneous. We heartily agree that none but a void judgment is subject to a collateral attack. But the question confronting us is—did the judge of the Perry Circuit Court have jurisdiction to appoint a Commonwealth's attorney pro tem. in misdemeanor cases when the County attorney was present and not disqualified? The sole authority under which the circuit judge could make the appointment and fix the compensation is KRS 69.060, and in the circumstances shown to exist by this record the appointment was limited to felony prosecutions. Therefore, when the judge exceeded his authority in extending the appointment and compensation to cover misdemeanor prosecutions, so much of the order as related to misdemeanors was void. Neal v. Manning,

Judge, 289 Ky. 199, 158 S. W. 2d 129. The instant case is distinguished from Knox County Council v. State, 217 Ind. 493, 29 N. E. 2d 405, 130 A. L. R. 1427, 1438, as there the court had jurisdiction to make the allowance and here it did not.

The judgment is affirmed.