COMMONWEALTH of Kentucky, Appellant,

v.

**ARLAN'S DEPARTMENT STORE OF LOUISVILLE, Kentucky, et al.,**
Appellees.

Court of Appeals of Kentucky.

Feb. 23, 1962.

Rehearing Denied June 22, 1962.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellant.

Henry B. Sadlo, James E. Thornberry, Edward M. Post, Frank A. Garlove, Louisville, for appellees.

Charles E. Keller, Louisville, for amicus curiae.

CULLEN, Commissioner.

On warrants charging violations of the Kentucky "Sunday Closing Law," KRS 436.160, the owners of three retail stores in Louisville were tried in the quarterly court, found guilty, and fined $20 each. They appealed to the circuit court, which dismissed the prosecutions on the ground that the statute is unconstitutional. The Commonwealth has appealed from the judgments of dismissal.

The circuit court held the statute unconstitutional on the grounds that it violated state and federal constitutional guaranties of freedom of religion and prohibitions against establishment of religion or giving preference by law to any religious sect (Ky.Const., Secs. 1, 5; U.S.Const., Amendments 1, 14); that it was not a proper exercise of the police power; and that the exemptions were such as to make the statute discriminatory and arbitrary.

In substance, the Kentucky statute prohibits working on Sunday or employing another person to work on Sunday at any occupation or in any labor or business except:

1. Ordinary household duties.

2. Work of necessity or charity.

3. Maintenance or operation of a public service or public utility plant or system.

4. Amateur sports.

5. Athletic games.

6. Moving picture shows.

7. Chautauquas.

8. Filling stations.

9. Opera.

A further exception is of persons who are members of a religious society which observes as a Sabbath a day in the week other than Sunday and who actually do observe as a Sabbath one day in each seven. The statute prescribes special penalties for holding a boxing or wrestling match, or permitting billiards or pool to be played, or

hunting game with guns or dogs, on Sunday.

Subsequent to the rendering of the decision in the circuit court and while these cases were pending on appeal, the Supreme Court of the United States held valid similar statutes of Maryland, Massachusetts, and Pennsylvania, in McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L. Ed.2d 393; Gallagher v. Crown Kosher Super Market of Massachusetts, 366 U.S. 617, 81 S.Ct. 1122, 6 L.Ed.2d 536; Two Guys From Harrison-Allentown, Inc. v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551; and Braunfeld v. Brown, 366 U.S. 599, 81 S.Ct. 1144, 6 L.Ed.2d 563.

Except as to one point which will hereinafter be discussed, the opinions of the Supreme Court in the above cited cases, to which we shall adhere, completely refute the contentions that our Kentucky statute violates constitutional guaranties and prohibitions with respect to religion, that the statute is not a proper exercise of the police power, and that the exemptions are such as to make the statute discriminatory or arbitrary or violative of the right to equal protection of the law.

In none of the four cases did the Supreme Court expressly uphold the validity of a blanket exemption, such as is contained in our statute, of persons who observe a Sabbath other than Sunday in accordance with the precepts of a religious society of which they are members. It is contended here that the existence of this exemption creates a discrimination against persons who do observe Sunday as the Sabbath and imparts such a religious flavor to the entire statute as to bring it within the constitutional prohibition against any law for the establishment of religion.

While the Supreme Court did not specifically rule on this question, it is to be noted that the Massachusetts statute, which was upheld in the Gallagher case, contained several limited exemptions in favor of persons who observe a Sabbath other than Sunday,

and the Court found no fault in those exemptions. Furthermore, in the Braunfeld case, where the contention was that the Pennsylvania statute was invalid because it did not provide an exemption for persons who because of religious conviction observe a Sabbath other than Sunday, the Court referred to the fact that a number of states do provide such an exemption and said, "this may well be the wiser solution to the problem." So it must be considered that the Supreme Court by implication did uphold the validity of such an exemption.

Our own view is that the exemption does not affirmatively prefer any religion nor amount to the establishment of a religion. Rather, it simply avoids penalizing economically the person who conscientiously observes a Sabbath other than Sunday.

Apart from the questions of constitutionality, the appellees argue that the Kentucky Sunday Closing Statute has been repealed by implication by certain subsequent statutes (KRS 244.290, 244.480) authorizing local governmental units to permit the sale of alcoholic beverages on Sunday, and by another subsequent statute (KRS 337.050) requiring time-and-a-half pay for work done on the seventh day of the week.

With respect to the statutes permitting Sunday sales of alcoholic beverages, the contention is that in enacting such statutes the legislature evinced an intent to abandon the idea of making Sunday a day of divorcement from worldly pursuits; that in permitting alcoholic beverages to be sold on Sunday the legislature was adopting the policy that "anything goes" on Sunday. However, in the McGowan case, in reference to the fact that the Maryland Sunday Closing Law provided various exemptions for sales of alcoholic beverages, the Supreme Court said that the legislature could reasonably find that in conformity with carrying out the general purpose of the statute to enhance the recreational atmosphere of the day, "some people will prefer alcoholic beverages * * * to add to

their relaxation." We think that at the most the subsequent statutes of Kentucky permitting sales of alcoholic beverages on Sunday constitute simply additional exemptions from the Sunday Closing Law, which are valid on the same basis as the other exemptions.

As concerns the statute requiring time-and-a-half pay for work on the seventh day of the week, it is argued that this constitutes a legislative recognition that work on Sunday is lawful. We do not find this argument meritorious, because the legislature very well may have imposed the extra wage requirement in recognition of the fact that a considerable variety of Sunday work is lawful by reason of exemptions from the Sunday Closing Law. There is no such irreconcilable conflict between the two statutes as to create a repeal by implication.

In our opinion the circuit court erred in holding KRS 436.160 unconstitutional and in dismissing the prosecutions.

The judgments are reversed with directions to reinstate the prosecutions.