**GIBSON PRODUCTS COMPANY OF BOWLING GREEN, KY., Inc., and Jack R. Overturf and Fred D. Meagher, d/b/a Cuzzin Jack's Discount Store, Appellants,**

**v.**

**Morris LOWE, Commonwealth's Attorney and Henry J. Potter, Jr., Warren County Attorney, Appellees.**

Court of Appeals of Kentucky.

May 2, 1969.

Charles E. English and John David Cole, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellants.

Henry J. Potter, Jr., Morris Lowe, Bowling Green, for appellees.

CULLEN, Commissioner.

Alleging various grounds of unconstitutionality of the Kentucky Sunday Closing Law, KRS 436.160, Gibson Products Company of Bowling Green, Ky., Inc. and Jack R. Overturf and Fred D. Meagher, d/b/a Cuzzin Jack's Discount Store, brought action against the Commonwealth's Attorney and the County Attorney for Warren County, asking the court to declare the law unconstitutional or to enjoin enforcement of the law against the plaintiffs until such time as enforcement be uniform against all offenders. The circuit court entered judgment dismissing the action on the ground that the complaint did not state a claim on which relief could be granted. The plaintiffs appeal.

As to the allegations of unconstitutionality of the law itself we agree that the complaint did not state any claim upon which relief could be granted. The first alleged ground of unconstitutionality was that the law, by lack of enforcement, had

become void. There is no merit in that ground, because the law is well settled that unenforcement will not render a statute inoperative. 50 Am.Jur., Statutes, sec. 467, p. 481, sec. 513, p. 524. The second and third grounds were that the statute established a religion and that the exceptions in the statute made it discriminatory. Those grounds were rejected in Commonwealth v. Arlan's Department Store of Louisville, Ky., 357 S.W.2d 708, to which we continue to adhere. The fourth ground was that the statute is void for vagueness. That ground was rejected in Arlan's Department Store of Louisville v. Commonwealth, Ky., 369 S.W.2d 9, and again in Commonwealth v. Rink's Department Stores, Inc., Ky., (this day decided).

■ As to discrimination in enforcement, the complaint asserted two grounds for relief. One was that there was unlawful discrimination by enforcement of the Sunday no-work law, KRS 436.160(1) against the plaintiff merchants but nonenforcement of the Sunday no-hunting law, KRS 436.160(6) against sportsmen. We find no merit in this ground. Reasonable classification is permissible under the equal protection clause. See 16 Am.Jur.2d, Constitutional Law, sec. 494, pp 859 to 862. We think merchants and hunters, or merchandising and hunting, are properly of such different classes, and so designated and treated in the statute, that there can be no denial of equal protection in the enforcement of the law relating to one of the classes but not the other. Of course the hunting law should be enforced so long as it remains on the statute books, but the remedy for nonenforcement is not abatement of enforcement of other laws.

The other ground of alleged discrimination is set forth in this language in the complaint:

"VI. The plaintiffs state that while they have severally been indicted for violations of the Sunday Closing Law and their matters have been docketed for trial in the September, 1967 term of the Warren Circuit Court, the prior indictments of several other merchants for violation of the Sunday Closing Law have been continued without hearing or trial; and, that other establishments variously denominated as pharmacies, drug stores, groceries, super-markets and car washes, some of which sell many of the same types of merchandise as plaintiffs, are openly permitted to do business as usual on Sunday, and plaintiffs jointly and severally, state that the enforcement of KRS 436.160 against them is unlawfully discriminatory and violates their rights under the Fourteenth Amendment to the United States Constitution, and constitutes the exercise of arbitrary power in violation of Section 2 of the Kentucky Constitution."

■ It is our opinion that the foregoing allegations constitute a sufficient *pleading* of a claim of discrimination.

■ The requirements of *proof* to sustain a claim of discrimination in the enforcement of the Sunday Closing Law are set forth in City of Ashland v. Heck's, Inc., Ky., 407 S.W.2d 421. As there pointed out, it is only the "obvious and flagrant" case that warrants relief. In substance, the claimant must show a pattern or course of action of discrimination, not merely an isolated instance nor that some few offenders are escaping prosecution.

We are holding only that the above-quoted paragraph of the complaint is a sufficient pleading. It will remain for the plaintiffs to meet the requirements of proof.

■ In his order dismissing the complaint the trial judge stated that the court had judicial knowledge that indictments of 10 other businesses for violating the Sunday Closing Law presently were pending in the court, "there being no discrimination against these Plaintiffs." We do not consider this a sufficient refutation of the allegation of the complaint that indictments of other merchants had been continued.

Indefinite continuance of indictments against other offenders was one of the elements of discrimination found. to exist in City of Ashland v. Heck's, Inc., Ky., 407 S.W.2d 421.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur except MONTGOMERY, C. J.

MONTGOMERY, Chief Justice (dissenting).

I agree with the majority opinion in its conclusion that the Sunday Closing Law is constitutional, but I respectfully dissent from so much of the majority opinion which holds that the prosecutors may be restrained from prosecuting. My reasons have previously been stated. See dissent in City of Ashland v. Heck's, Inc., Ky., 407 S.W.2d 421. The Heck opinion and the majority opinion here are based on claimed violations of the Fourteenth Amendment to the United States Constitution and section 2 of the Kentucky Constitution. In either case such claimed violation, if valid, could and should have been raised as a defense to the prosecution. Instead, both cases in recognizing such claimed violations of constitutional rights as the basis for equitable relief are very dangerous precedents in the hinderance of law enforcement.

In closing, I would point out that in this action it is sought to enjoin the duly elected and qualified Commonwealth's Attorney and County Attorney from prosecuting the indictments, but nothing appears to prevent the trial judge from appointing a pro tem Commonwealth's Attorney should both the named officers be absent at any term or part of term. KRS 69.060. Shelton v. Commonwealth, 224 Ky. 671, 6 S.W.2d 1094; Wells v. Miller, 300 Ky. 680, 190 S.W.2d 41. See KRS 69.310 on absence of the county attorney. The majority opinion in no way restrains the trial judge from holding a trial of the indictments involved.