GENERAL ELECTRIC COMPANY *v.*
M & C MANUFACTURING, INC.
d/b/a MANUFACTURING CO., INC. and
Ruby CARRAWAY

84-96                                      671 S.W.2d 189

Supreme Court of Arkansas
Opinion delivered July 2, 1984

*Robert C. Lowry,* for appellant.

*Richard L. Roper,* for appellee.

DARRELL HICKMAN, Justice. The question before us is whether a security interest in certificates of deposit, perfected by possession, is superior to a judgment against the owner of the certificates. The trial court was right in holding the possessory security interest superior.

The appellant obtained a judgment of almost $27,000 against the appellees M & C Manufacturing and Ruby Carraway on July 16, 1982. Prior to the judgment Mrs. Carraway had assigned eleven certificates of deposit to the First State Bank of Warren to secure a loan and the bank held these certificates. Five of the certificates were issued by the Warren Bank and six by another bank. The certificates were all either non-negotiable or non-transferable, or both. The bank was served with a writ of garnishment, and it answered claiming its lien.

The appellant's argument is that the bank did not file security agreements to perfect its claims as required by the Uniform Commercial Code. Ark. Stat. Ann. § 85-9-302 (Supp. 1983). The appellees concede that security agreements were not filed but argue it was not necessary.

The parties agree that the case hinges on whether the certificates are "instruments" as defined in the Uniform Commercial Code since security interests in instruments are perfected through possession. Ark. Stat. Ann. § 85-9-305 (Supp. 1983). Ark. Stat. Ann. § 85-9-105 (1) (i) (Supp. 1983) provides:

> 'Instrument' means a negotiable instrument, or a security or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment; . . . .

We agree with the weight of authority in holding that a certificate of deposit is an "instrument."

In *First National Bank in Grand Prairie* v. *Lone Star Life Insurance,* 524 S.W.2d 525 (Tex. App. 1975), a bank held a non-negotiable C.D. pursuant to a security agreement. One of the issues, as in the case at bar, was whether possession was sufficient to perfect the security interest. The court held that the C.D. was an instrument because it evidences a right to payment of money and is transferable by delivery of possession in the ordinary course of business. See

also *Citizens National Bank of Orlando* v. *Bornstein*, 374 So.2d 6 (Fla. 1979); *Wightman* v. *American Nat. Bank of Riverton*, 610 P.2d 1001 (Wyo. 1980). The fact that the certificates were non-negotiable and non-transferable in no way prevents them from being instruments because Ark. Stat. Ann. § 85-9-105 (1) (i) provides an instrument is " . . . any other writing which evidences a right to the payment of money" and indeed that describes a certificate of deposit.

Affirmed.