724 F.Supp. 466 (1989)
FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,
v.
CARDINAL RESOURCES INC., et al., Defendants.
Civ. A. No. 86-116.
United States District Court, E.D. Kentucky, London Division.
January 4, 1989.
*467 Marcus P. McGraw, Danny C. Reeves, James C. Mauch all of the law firm Greenebaum, Doll & McDonald, Lexington, Ky., for plaintiff.
Ken H. Gilliam of Hamm, Milby & Ridings, London, Ky., J.P. Cline of Cline & Edens, Middlesboro, Ky., Thomas E. Roma, Jr., Lexington, Ky., John S. Turner, Winchester, Ky., for defendants.

MEMORANDUM
SILER, Chief Judge.
This matter arises upon cross-motions for summary judgment by defendants Cumberland Valley National Bank ("Cumberland") and Utica Mutual Insurance Company ("Utica"). The parties are engaged in a priority dispute over a number of Certificates of Deposit ("CD's"), assigned to Utica but held by Cumberland. For the following reasons, Utica's motion will be granted, and Cumberland's motion will be denied.
In 1982, Cumberland lent a substantial sum of money to Cardinal Resources Corporation ("Cardinal"). As collateral, Cumberland took a security interest in Cardinal's assets, including all Certificates of Deposit and after-acquired property. During 1984, Cardinal bought fourteen Certificates of Deposit from Cumberland. Immediately upon purchasing a CD, Cardinal would take the CD to Underwriters Safety & Claim, Inc. ("Underwriters"), which would prepare and execute an assignment of the Certificates from Cardinal to Utica Mutual. In consideration for such assignments, Utica executed a reclamation surety bond for Cardinal. After assignment, Utica would deposit the now-encumbered CD at Cumberland, with a legend attached describing the assignment and acknowledging that the CD was held by Cumberland for safekeeping.
K.R.S. 355.3-104(2)(c) defines a certificate of deposit as an instrument, subject to the provisions of the Uniform Commercial Code. See In re Coral Petroleum, 50 B.R. 830 (Bkrtcy.S.D.Tex.1985); General Electric v. M & C Manufacturing, 283 Ark. 110, 671 S.W.2d 189 (1984). K.R.S. 355.9304(1) provides that a security interest in a CD can only be perfected through possession by the secured party. Cumberland held the CD's at the time this action was instituted, and claims that such possession entitles it to perfected status, and therefore priority over Utica.
However, Utica points out that upon purchasing the CD's, Cardinal immediately took them to Utica's underwriting agent to execute assignment. Utica argues that such action perfected Utica's security interest because Utica then had sole possession of the instrument, to the exclusion of Cumberland. Thereafter, Utica contends, Cumberland was only a bailee for Utica. In support of its argument, Utica presents the legend it attached to the CD's upon assignment:
The intent of this collateral assignment is to cover any and all renewals. It is also the intent of this assignment that any and all interest earned on [this CD] and any and all renewals accrue to the principal amount and not be payable to the *468 depositor. This certificate is held in safekeeping by the Cumberland Valley National Bank & Trust Company, London, KY.
Such an assignment is significant in two respects. First, as Utica suggests, the word "safekeeping" indicates a traditional bailment relationship. Bailey v. Farmers' Bank, 227 Ky. 179, 12 S.W.2d 312 (1928). It is clear that the CD's custodian at Cumberland, vice-president Brock, also thought of her role as that of a bailee, acting for the benefit of the bailor Utica:
A: The reason that I would have these [CD's] was because I was given these to put in safekeeping.
Q: What do you mean by safekeeping? Is that a word that is used in the bank a lot?
A: Yes. We have a file that we call Safekeeping file, for people who do not want to purchase a lock box. We have, well, we call it a lock box, but we keep special things for people in Safekeeping. We keep it there until they pick it up.
Q: And you were asked to put these particular certificates of deposit in Safekeeping?
A: Yes. [Brock deposition at page 26].
While not dispositive, such statements demonstrate at least one participant's understanding of the Cumberland-Utica relationship.
Furthermore, when Cumberland received the CD's and the attached assignments, it was put on notice of the possessory interest Utica was claiming. An assignment embodies the intention to create a security interest. In re Copeland, 391 F.Supp 134 (D.Del.1975), modified, 531 F.2d 1195 (3d Cir.1976); Kruse, Kruse & Miklosko, Inc. v. Beedy, 170 Ind.App. 373, 353 N.E.2d 514 (1976). A secured party is required to give a bailee notice of its security interest so that the interest will attach, K.R.S. 355.9305; see Kruse, supra 353 N.E.2d at 539; Copeland, supra at 150, and such interest can maintain its perfected status when in the hands of a bailee. Copeland, supra at 151. Thus, possession of an instrument by the bailee Cumberland who has received notification of the interest of the secured party Utica is considered to be possession by the secured party. Kruse, supra 353 N.E.2d at 533. See Copeland, supra at 149.
In the final analysis, Cumberland is equitably estopped from claiming priority over Utica. Because Cumberland issued the CD's on which it now claims an interest, it was in the best position to prevent the type of dispute in which it is now embroiled. Without a legend placed on the instruments, or other indicia of an encumbrance, Cumberland cannot now claim a lien against property which was actually left with it for safekeeping. See American Bank & Trust Co. v. Shouse & Burrus, 648 S.W.2d 540 (Ky.App.1983). A bank is many things to many persons; Cumberland should have more clearly defined its role with Utica when the CD's returned with not only an assignment to Utica, but also explicit references to a bailment relation. Cumberland's failure to act conveyed the wrong idea to Utica, and Cumberland is therefore estopped from asserting a superior lien. See P.V. & K. Coal Co. v. Kelly, 301 Ky. 180, 191 S.W.2d 231 (1945); Frankfort & C. Ry. Co. v. State National Bank, 102 S.W. 243 (Ky.1907). As Utica's security interest is superior, its motion for summary judgment on this matter will be granted, and Cumberland's motion for summary judgment will be denied.